USDC IN/ND case 2:21-cv-00050-RRS-APR document 1-1 filed 02/05/21 page 1 of 20

45D10-2101-CT-000047
Lake Superior Court, Civil Division 6

Filed: 1/14/2021 9:25 AM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | _____, INDIANA |

CAROLINA SIMPSON, )
)
   Plaintiff, )
)
-vs- ) CAUSE NO.:
)
ESTEBAN F. BUSTAMANTE and )
WERNER ENTERPRISES, INC., )
)
   Defendants. )

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now the plaintiff, Carolina Simpson, by counsel, Terrence M. Rubino, of Rubino, Ruman, Crosmer and Polen, LLC, and for her cause of action against the defendants, Esteban F. Bustamante and Werner Enterprises, Inc., states as follows:

1. That on July 7, 2019 at approximately 12:45 p.m., the plaintiff was operating her vehicle eastbound on U.S. 30 in Schererville, Lake County, Indiana.

2. That at said time and place, the defendant, Esteban F. Bustamante, was operating a semi-tractor and trailer owned by the defendant, Werner Enterprises, Inc., eastbound on U.S. 30 in Schererville, Lake County, Indiana.

3. That at said time and place, the defendant, Esteban F. Bustamante, was the agent, servant, and/or employee of the defendant, Werner Enterprises, Inc.

4. That at said time and place, the defendant, Esteban F. Bustamante, was at fault in causing his vehicle to collide with the rear of plaintiff's vehicle.

5. That the defendant, Werner Enterprises, Inc., in addition to being vicariously responsible for their agent's negligence, was negligent, reckless, and willful and wanton



EXHIBIT A

in the hiring, supervising, training and retention of the defendant, Esteban F. Bustamante.

6. That as a direct and proximate result of said fault and negligence and recklessness by the defendants, the plaintiff, Carolina Simpson, sustained injuries, some of which may be permanent, incurred medical expenses, economic loss and was otherwise damaged.

WHEREFORE, the plaintiff seeks compensatory damages which will reasonably compensate her, plus costs, including attorneys' fees for any frivolously asserted affirmative defenses, prejudgment interest and any other proper relief.

/s/ Terrence M. Rubino
TERRENCE M. RUBINO, #6220-45
Rubino, Ruman, Crosmer & Polen, LLC
275 Joliet Street, Suite 330
Dyer, IN 46311
(219) 322-8222
trubino@rubinoruman.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, by counsel, demands trial by jury.

/s/ Terrence M. Rubino
TERRENCE M. RUBINO, #6220-45
Rubino, Ruman, Crosmer & Polen, LLC
275 Joliet Street, Suite 330
Dyer, IN 46311
(219) 322-8222
trubino@rubinoruman.com
Attorneys for Plaintiff

45D10-2101-CT-000047

Filed: 1/14/2021 9:25 AI
Cler
Lake County, Indiar
Lake Superior Court, Civil Division 6

USDC IN/ND case 2:21-cv-00050-RPS-APR   document 1-1   filed 02/05/21   page 3 of 20

STATE OF INDIANA ) IN THE LAKE CIRCUIT/SUPERIOR COURT
) SS:
COUNTY OF LAKE ) _____, INDIANA

CAROLINA SIMPSON, )
)
   Plaintiff, )
)
-vs- ) CAUSE NO.:
)
ESTEBAN F. BUSTAMANTE and )
WERNER ENTERPRISES, INC., )
)
   Defendants. )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating __X__     Responding ____     Intervening ____ ; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party: _Carolina Simpson, Plaintiff_____

   Address of party *(see Question # 6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

   _____
   Telephone # of party _____

   *(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   Name: _Terrence M. Rubino_____     Atty Number: _6220-45_
   Address: _Rubino, Ruman, Crosmer & Polen,_
         _275 Joliet Street, Suite 330, Dyer, IN 46311_
   Phone: _(219) 322-8222_    Fax: _(219) 322-6675_
   Email Address: _trubino@rubinoruman.com_

   *(List on continuation page additional attorneys appearing for above party)*

IMPORTANT: Each attorney specified on this appearance:
   (a) certifies that the contact information listed for him on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date this Appearance is filed;
   (b) acknowledges that all orders, opinions, and notices in this matter served under Trial Rule 86(G) will be sent to the attorney at the email address specified by the attorney on the Roll of Attorneys *regardless of the contact information listed above for the attorney*; and
   (c) understands that he is solely responsible for keeping his Roll of Attorneys contact information current and accurate, *see* Ind. Admis. Disc. R. 2(A).

3. This is a _____CT_____ case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes ____ No _X_  *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No _X_  *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

   _____   Attorney's address

   _____   The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).

   _____   Another address (provide)
   _____

6. This case involves a petition for involuntary commitment. Yes ____ No _X_

8. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:
   _____

   b. State of Residence of person subject to petition: _____

   c. At least one of the following pieces of identifying information:

    (i) Date of Birth _____
    (ii) Driver's License Number _____
        State where issued _____ Expiration date _____
    (iii) State ID number _____
        State where issued _____ Expiration date _____
    (iv) FBI number _____
    (v) Indiana Department of Corrections Number _____

    (vi) Social Security Number is available and is being provided in an attached confidential document Yes \_\_\_\_ No \_\_\_\_

9. There are related cases: Yes \_\_\_\_ No __X__ *(If yes, list on continuation page.)*

10. Additional information required by local rule:

_____

11. There are other party members: Yes \_\_\_\_ No __X__ *(If yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached:
    Yes \_\_\_\_ No __X__

                                */s/ Terrence M. Rubino*
                                Terrence M. Rubino, #6220-45
                                Attorney-at-Law
                                (Attorney information shown above)

2. CONTINUATION PAGE (Additional Attorneys Appearing)

Name: Andrew A. Crosmer          Atty Number: 11531-45

Address: Rubino, Ruman, Crosmer & Polen, 275 Joliet Street, Suite 330, Dyer, IN 46311

Phone: (219) 322-8222          Fax: (219) 322-6675

Email Address: acrosmer@rubinoruman.com


Name: Michael E. Polen, Jr.          Atty Number: 25052-45

Address: Rubino, Ruman, Crosmer & Polen, 275 Joliet Street, Suite 330, Dyer, IN 46311

Phone: (219) 322-8222          Fax: (219) 322-6675

Email Address: mpolen@rubinoruman.com


Name: Daniel J. Zlatic          Atty Number: 19920-45

Address: Rubino, Ruman, Crosmer & Polen, 275 Joliet Street, Suite 330, Dyer, IN 46311

Phone: (219) 322-8222          Fax: (219) 322-6675

Email Address: dzlatic@rubinoruman.com

45D10-2101-CT-000047

Filed: 1/14/2021 9:25 AM
Cler
Lake County, Indian

USDC IN/ND case 2:21-cv-00050-PPS-APR document 1-1 filed 02/05/21 page 7 of 20

Lake Superior Court Civil Division 6

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | _____, INDIANA |

| | |
|---|---|
| CAROLINA SIMPSON, ) | |
| Plaintiff, ) | |
| -vs- ) | CAUSE NO.: |
| ESTEBAN F. BUSTAMANTE and ) | |
| WERNER ENTERPRISES, INC., ) | |
| Defendants. ) | |

## SUMMONS

THE STATE OF INDIANA TO THE DEFENDANT:     Esteban F. Bustamante
10414 Dreamland Drive
San Antonio, TX 78230

You have been sued by the person(s) identified as "Plaintiff" in the Court stated above.

The nature of the suit against you is stated in the Complaint, which is attached to this Summons. It also states the demand which the Plaintiff has made against you.

You must either personally or by your attorney, file your written answer to the Complaint with the Clerk within twenty (20) days commencing the day after this Summons and the Complaint were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the Summons and Complaint were left for you and you then receive by first class mail (not certified), a copy of the Summons alone, this mailing is merely a confirmation that the Summons and Complaint were previously left for you. You should not consider the date on which you receive the mailed Summons as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the Summons and Complaint were first personally served upon you or your agent or left for you by the Sheriff or other process server.

However, if you and your agent first received the Summons and the Complaint by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the Complaint of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

Manner of Service:  **Certified Mail**
1/14/2021
Date: _____, 2021

Attorney Terrence. M. Rubino - #6220-45
RUBINO, RUMAN, CROSMER & POLEN, LLC
275 Joliet Street, Suite 330
Dyer, IN 46311
(219) 322-8222 (telephone)
(219) 322-6675 (fax)

*Lorenzo Arredondo*
_____
Lorenzo Arredondo, Clerk of the Lake Superior Court
By   SR   _____(Deputy)

[SEAL - LAKE COUNTY COURTS INDIANA]

PREPARATION DATA:
All Summons are to be prepared in triplicate with the original of each to be placed in the Court file with two copies available for service. If service is by certified mail, a properly addressed envelope shall be provided for each Defendant.
Certified Mail labels and return receipts must be furnished for each mailing and the cause number must appear on each return receipt, which shall be returnable to the Clerk at the address of the Court. (Form: CS 1/97)

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20_____, I mailed a copy of this Summons and a copy of the Complaint to the Defendant, by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

_____
Lorenzo Arredondo, Clerk of the Lake Superior Court
Date: _____
By _____ (Deputy)

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint was mailed to the Defendant, was accepted by the Defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint was returned not accepted on the _____ day of _____, 20_____.

_____
Lorenzo Arredondo, Clerk of the Lake Superior Court
By_____ (Deputy)

## RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within Summons:

1. By delivering on the _____ day of _____, 20_____, a copy of this Summons, a copy of the Complaint, and all other materials filed the same date to each of the within named person(s).
2. By leaving on the _____ day of _____, 20_____, for each of the within named person)(s), _____ a copy of the Summons, a copy of the Complaint, and all other materials filed the same date at the respective dwelling house or usual place of abode of _____ in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, and by mailing a copy of the Summons without the Complaint to the said named person(s) at the address listed herein.
3. This Summons came to hand this date, _____, 20_____. The within named, _____, was not found to my bailiwick this date, _____, 20_____.

ALL DONE IN LAKE COUNTY, INDIANA.

_____
Sheriff of Lake County, Indiana

By_____

## SERVICE ACKNOWLEDGED

A copy of the within Summons, a copy of the Complaint, and all materials filed the same date attached hereto were received by me at _____, in _____, Indiana, on this date, _____, 20_____.

_____
Signature of Defendant

45D10-2101-CT-000047     Filed: 1/14/2021 9:25 AM
Lake Superior Court Civil Division 6    Lake County, Indiana
USDC IN/ND case 2:21-cv-00050-PPS-APR document 1-1 filed 02/05/21 page 9 of 20

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | _____, INDIANA |

| | |
|---|---|
| CAROLINA SIMPSON, ) | |
|     Plaintiff, ) | |
|     -vs- ) | CAUSE NO.: |
| ESTEBAN F. BUSTAMANTE and ) | |
| WERNER ENTERPRISES, INC., ) | |
|     Defendants. ) | |

## SUMMONS

THE STATE OF INDIANA TO THE DEFENDANT:     Werner Enterprises, Inc.
c/o Corporate Creations Network, Inc.
8520 Allison Pointe Blvd., Ste. 220
Indianapolis, IN 46250

    You have been sued by the person(s) identified as "Plaintiff" in the Court stated above.
    The nature of the suit against you is stated in the Complaint, which is attached to this Summons. It also states the demand which the Plaintiff has made against you.
    You must either personally or by your attorney, file your written answer to the Complaint with the Clerk within twenty (20) days commencing the day after this Summons and the Complaint were personally served upon you or your agent or left for you by the Sheriff or other process server.
    In the event the Summons and Complaint were left for you and you then receive by first class mail (not certified), a copy of the Summons alone, this mailing is merely a confirmation that the Summons and Complaint were previously left for you. You should not consider the date on which you receive the mailed Summons as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the Summons and Complaint were first personally served upon you or your agent or left for you by the Sheriff or other process server.
    However, if you and your agent first received the Summons and the Complaint by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.
    If you fail to answer the Complaint of the Plaintiff within the times prescribed herein, judgment will be entered against you for what the Plaintiff has demanded.
    If you have a claim against the Plaintiff arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

Manner of Service:    **Certified Mail**
                    1/14/2021
Date: _____, 2021

Attorney Terrence. M. Rubino - #6220-45
RUBINO, RUMAN, CROSMER & POLEN, LLC
275 Joliet Street, Suite 330
Dyer, IN 46311
(219) 322-8222 (telephone)
(219) 322-6675 (fax)

*Lorenzo Arredondo*
Lorenzo Arredondo, Clerk of the Lake Superior Court
By _____SR_____ (Deputy)

[LAKE COUNTY COURTS SEAL / INDIANA]

PREPARATION DATA:
    All Summons are to be prepared in triplicate with the original of each to be placed in the Court file with two copies available for service. If service is by certified mail, a properly addressed envelope shall be provided for each Defendant.
    Certified Mail labels and return receipts must be furnished for each mailing and the cause number must appear on each return receipt, which shall be returnable to the Clerk at the address of the Court. (Form: CS 1/97)

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20_____, I mailed a copy of this Summons and a copy of the Complaint to the Defendant, by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

_____
Lorenzo Arredondo, Clerk of the Lake Superior Court
Date: _____
By _____ (Deputy)

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint was mailed to the Defendant, was accepted by the Defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint was returned not accepted on the _____ day of _____, 20_____.

_____
Lorenzo Arredondo, Clerk of the Lake Superior Court
By_____ (Deputy)

## RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within Summons:

1. By delivering on the _____ day of _____, 20_____, a copy of this Summons, a copy of the Complaint, and all other materials filed the same date to each of the within named person(s).
2. By leaving on the _____ day of _____, 20_____, for each of the within named person)(s), _____ a copy of the Summons, a copy of the Complaint, and all other materials filed the same date at the respective dwelling house or usual place of abode of _____ in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process thereat, and by mailing a copy of the Summons without the Complaint to the said named person(s) at the address listed herein.
3. This Summons came to hand this date, _____, 20_____. The within named, _____, was not found to my bailiwick this date, _____, 20_____.

ALL DONE IN LAKE COUNTY, INDIANA.

_____
Sheriff of Lake County, Indiana

By_____

## SERVICE ACKNOWLEDGED

A copy of the within Summons, a copy of the Complaint, and all materials filed the same date attached hereto were received by me at _____, in _____, Indiana, on this date, _____, 20_____.

_____
Signature of Defendant

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Werner Enterprises, Inc.
c/o Corporate Creations Network, Inc.
8520 Allison Pointe Blvd., Ste. 220
Indianapolis, IN 46250

9590 9402 5951 0062 2490 18

2. Article Number (Transfer from service label)

7019 2970 0002 1271 8268

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _/S S/12 C/9_
☒ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Esteban F. Bustamante
    10414 Dreamland Drive
    San Antonio, TX 78230

    9590 9402 5951 0062 2490 25

2. Article Number (Transfer from service label)

    7019 2970 0002 1271 8251

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X F. Bustamante
☐ Agent
☐ Addressee

B. Received by (Printed Name): IN 305J-C19
C. Date of Delivery: 1-25

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   red Mail
   red Mail Restricted Delivery
   · $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
|---|---|---|
|  | ) SS: |  |
| COUNTY OF LAKE | ) | CAUSE NO. 45D10-2101-CT-000047 |

CAROLINA SIMPSON,                )
                                 )
        Plaintiff,                )
                                 )
    v.                           )
                                 )
ESTEBAN F. BUSTAMANTE and        )
WERNER ENTERPRISES, INC.,        )
                                 )
        Defendants.              )

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:** Initiating____ Responding _X_ Intervening ____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

   **DEFENDANTS, Esteban F. Bustamante and Werner Enterprises, Inc.**

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

   Name: Keith A. Gaston, Esq.           Atty. Number: 7069-49
   Name: Bruce D. Jones, Esq.            Atty. Number: 28624-29
   Name: Bradley M. Owen, Esq.           Atty. Number: 32711-32
   Name: Rachel O. Webster, Esq.         Atty. Number: 34251-49
   Address: Cruser, Mitchell, Novitz,    Phone: (317) 816-0300
   Sanchez, Gaston & Zimet, LLP          FAX: (317) 816-1604
   3077 E. 98th Street, Suite 280        E-Mail: kgaston@cmlawfirm.com
   Indianapolis, IN 46280                bjones@cmlawfirm.com
                                         bowen@cmlawfirm.com
                                         rwebster@cmlawfirm.com

   **IMPORTANT**: Each attorney specified on this appearance:

   (a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

   (b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and**

  (c)  understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3. This is a CT case type as defined in Administrative Rule 8(B)(3).

4. This case involves child support issues. Yes__ No_X_

5. There are other party members: Yes__ No_X_

6. This case involves support issues. Yes__ No_X_

7. There are related cases: Yes__ No_X_

8. This form has been served on all other parties. Certificate of Service is attached: Yes__ No_X_

9. Additional information required by local rule:

        Respectfully submitted,

        CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP

        /s/ Keith A. Gaston, Esq.
        Keith A. Gaston, Esq., #7069-49

        /s/ Bruce D. Jones, Esq.
        Bruce D. Jones, Esq., #28624-29

        /s/ Bradley M. Owen, Esq.
        Bradley M. Owen, Esq., #32711-32

        /s/ Rachel O. Webster, Esq.
        Rachel O. Webster, Esq., #34251-49

        *Counsel for Defendants, Esteban F. Bustamante and Werner Enterprises, Inc.*

CRUSER, MITCHELL, NOVITZ, SANCHEZ,
GASTON & ZIMET, LLP
3077 E. 98th Street, Suite 280
Indianapolis, IN 46280
(317) 816 0300
(317) 816 1604 (fax)

## CERTIFICATE OF SERVICE

I certify that on February 2, 2021, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).

I also certify that on February 2, 2021, the foregoing document was served upon the following person via IEFS.

Terrence M. Rubino, Esq.
RUBINO, RUMAN, CROSMER & POLAN, LLC
275 Joliet Street, Suite 330
Dyer, IN 46311

/s/ Bradley M. Owen, Esq.

3

{Firm/30014/00045/02909155.DOCX }

| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF LAKE | ) | CAUSE NO. 45D10-2101-CT-000047 |

CAROLINA SIMPSON,  )
)
    Plaintiff,  )
)
v.  )
)
ESTEBAN F. BUSTAMANTE and  )
WERNER ENTERPRISES, INC.,  )
)
    Defendants.  )

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendants, Esteban F. Bustamante and Werner Enterprises, Inc., by counsel, for their answer and affirmative defenses to Plaintiff's Complaint for Damages, state as follows:

1. That on July 7, 2019 at approximately 12:45 p.m., the plaintiff was operating her vehicle eastbound on U.S. 30 in Schererville, Lake County, Indiana.

**ANSWER: Defendants admit the material allegations of rhetorical paragraph 1 of Plaintiff's Complaint for Damages. However, Defendants deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.**

2. That at said time and place, the defendant, Esteban F. Bustamante, was operating a semi-tractor and trailer owned by the defendant, Werner Enterprises, Inc., eastbound on U.S. 30 in Schererville, Lake County, Indiana.

**ANSWER: Defendants admit the material allegations of rhetorical paragraph 2 of Plaintiff's Complaint for Damages. However, Defendants deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.**

3. That at said time and place, the defendant, Esteban F. Bustamante, was the agent, servant, and/or employee of the defendant, Werner Enterprises, Inc.

**ANSWER: Defendants admit that portion of rhetorical paragraph 3 of Plaintiff's Complaint for Damages which avers that Esteban F. Bustamante was an employee of and**

was acting within the course and scope of his employment with Werner Enterprises, Inc. at the time of the accident alleged in Plaintiff's Complaint for Damages. However, Defendants deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

4. That at said time and place, the defendant, Esteban F. Bustamante, was at fault in causing his vehicle to collide with the rear of plaintiff's vehicle.

**ANSWER:** The material allegations of rhetorical paragraph 4 of Plaintiff's Complaint for Damages constitute legal conclusion to which no response is required. To the extent further response is contemplated, Defendants deny the material allegations of rhetorical paragraph 4 of Plaintiff's Complaint for Damages and further deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

5. That the defendant, Werner Enterprises, Inc., in addition to being vicariously responsible for their agent's negligence, was negligent, reckless, and willful and wanton in hiring, supervising, training and retention of the defendant, Esteban F. Bustamante.

**ANSWER:** The material allegations of rhetorical paragraph 5 of Plaintiff's Complaint for Damages constitute legal conclusion to which no response is required. To the extent further response is contemplated, Defendants deny the material allegations of rhetorical paragraph 5 of Plaintiff's Complaint for Damages and further deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

6. That as a direct and proximate result of said fault and negligence and recklessness by the defendants, the plaintiff, Carolina Simpson, sustained injuries, some of which may be permanent, incurred medical expenses, economic loss and was otherwise damaged.

**ANSWER:** The material allegations of rhetorical paragraph 6 of Plaintiff's Complaint for Damages constitute legal conclusion to which no response is required. To the extent further response is contemplated, Defendants deny the material allegations of rhetorical paragraph 6 of Plaintiff's Complaint for Damages and further deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

WHEREFORE, Defendants, Esteban F. Bustamante and Werner Enterprises, Inc., by counsel, respectfully request that the Court enter judgment in their favor and against the Plaintiff

on all claims, counts, and causes of action of Plaintiff against Defendants in Plaintiff's Complaint for Damages, for their costs in this action, and for all other relief just and proper in the premises.

## AFFIRMATIVE DEFENSES

Defendants, Esteban F. Bustamante and Werner Enterprises, Inc., by counsel, for their affirmative defenses to Plaintiff's Complaint for Damages in this cause of action, state as follows:

1. Any paragraph not specifically admitted or denied herein is hereby denied.

2. Rhetorical paragraph 5 of Plaintiff's Complaint for Damages fails to state a claim against Defendants upon relief can be granted.

3. Plaintiff may have been guilty of comparative fault which fault may serve to bar or reduce any recovery by Plaintiff for the damages alleged herein.

4. Plaintiff may have failed to mitigate her damages, if any.

5. Plaintiff may have already been compensated for her damages by other sources and Defendants would be entitled to credit or set of for any such sums in accordance with the Indiana Collateral Source Rule.

6. Defendants reserve the right to supplement these affirmative defenses as discovery and investigation continue.

WHEREFORE, Defendants, Esteban F. Bustamante and Werner Enterprises, Inc., by counsel, respectfully request that the Court enter judgment in their favor and against the Plaintiff on all claims, counts and allegations of Plaintiff against Defendants in Plaintiff's Complaint for Damages, for their costs in this action, and for all other relief just and proper in the premises.

## REQUEST FOR TRIAL BY JURY

Defendants, Esteban F. Bustamante and Werner Enterprises, Inc., by counsel, pursuant to Rule 38(B) of the Indiana Rules of Trial Procedure, hereby respectfully request a trial by jury as to all issues triable by jury.

Respectfully submitted,

CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP

/s/ Bradley M. Owen, Esq.
Keith A. Gaston, Esq., #7069-49
Bruce D. Jones, Esq., #28624-29
Bradley M. Owen, Esq., #32711-32
Rachel O. Webster, Esq., #34251-49

*Counsel for Defendants, Esteban F. Bustamante and Werner Enterprises, Inc.*

3077 E. 98th Street, Suite 280
Indianapolis, IN 46280
(317) 816-0300
(317) 816-1604 (fax)

## CERTIFICATE OF SERVICE

I certify that on February 2, 2021, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).

I also certify that on February 2, 2021, the foregoing document was served upon the following person via IEFS.

Terrence Rubino, Esq.
RUBINO, RUMAN, CROSMER & POLEN
275 Joliet Street, Suite 330
Dyer, IN 46311

/s/ Bradley M. Owen, Esq.

| | | |
|---|---|---|
| STATE OF INDIANA | FILED IN OPEN COURT ) | IN THE LAKE SUPERIOR COURT, CIVIL DIVISION 6 |
| | February 3, 2021 ) | 2293 N MAIN STREET |
| COUNTY OF LAKE | *(signature)* | CROWN POINT INDIANA 46307 |
| | ) | CASE NUMBER: 45D10-2101-CT-000047 |
| CAROLINA SIMPSON | | |
| | JUDGE, LAKE SUPERIOR COURT, | |
| V. | CIVIL DIVISION, ROOM 6 | |
| | MC | |
| ESTEBAN F. BUSTAMANTE, WERNER ENTERPRISES, INC. | | |

### ORDER SCHEDULING ZOOM CASE MANAGEMENT CONFERENCE

The **COURT** pursuant to Local Rule 9 and T.R. 16(A) orders that any parties appearing *pro se* in this cause and all counsel of record shall:

By Zoom appear for a Case Management Conference before a judicial officer of this Court on June 28, 2021 promptly at 9:30 AM to consider:

a) The possibility of agreement or settlement;
b) The possibility of disposing of the cause by default or in summary fashion as to some or all parties or as to some or all claims;
c) The establishment of a bar date for dispositive motions;
d) The simplification of the issues;
e) The necessity or desirability of amendments to the pleadings;
f) The possibility of obtaining admissions or stipulations of fact, law, and the admissibility and authenticity of exhibits which will avoid unnecessary proof;
g) A limitation of the number of expert witnesses;
h) An exchange of the names of witnesses to be called during the trial and the general nature of their expected testimony;
i) Whether the parties are prepared to submit the matter for trial or if the matter should be set for further Status or Pre-Trial Conferences;
j) The need for discovery, appropriate limitations thereon (if any) and a deadline for the completion of the same;
k) The utilization of one or more methods of Alternative Dispute Resolution; and
l) Such other matters as may aid in the disposition of the action.

Pursuant to T.R. 16(K) and T.R. 41(E), failure to attend the Case Management Conference may result in the entry of an order of dismissal or default against the party or parties failing to appear. In addition, the Court may impose sanctions against any counsel or party who fails to attend the Case Management Conference, is grossly unprepared to participate therein, or refuses in bad faith to enter into stipulations regarding the facts, law or exhibits.

No continuance of the Case Management Conference may be obtained by telephone or other oral request or otherwise be obtained except by prior order upon written motion in strict compliance with the provisions of T. R. 53.5 and Local Rule 7.

At the conclusion at the Case Management Conference, the Court may schedule the cause for trial or order that additional Status or Pre-Trial Conferences be conducted.

**COUNSEL ARE DIRECTED TO HAVE THEIR CALENDARS AVAILABLE DURING THE CASE MANAGEMENT CONFERENCE TO FACILITATE THE SCHEDULING OF ADDITIONAL HEARINGS.**

SO ORDERED on this the 3rd day of February, 2021.

*(signature)*
Honorable Gina L. Jones, Judge
Lake Superior Court, Civil Division 6